FILED
2022 May-18  PM 01:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DIANE HARRELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CASE NO.: _____ |
| | ) | |
| **WALMART INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and files this Complaint against the defendant and in support thereof would show as follows:

### Parties

1.    Plaintiff, Diane Harrell (hereinafter "Ms. Harrell"), is an individual over the age of nineteen (19) years. Ms. Harrell is a resident of Jefferson County, Alabama.

2.    Defendant, Walmart Inc. (hereinafter "Walmart"), is registered with the Alabama Secretary of State as an existing foreign corporation existing under the laws of Delaware with its principal place of business and headquarters in the State of Arkansas. Defendant owns and operates multiple retail stores located in Jefferson County, Alabama.

## Jurisdiction

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) based upon the complete diversity of the parties. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because the events or omissions giving rise to the claims occurred within this judicial district. Specifically, Ms. Harrell's injuries caused by Walmart's conduct were sustained within this district. Walmart conducts business in this judicial district to include, but not limited to, operating multiple retail stores in Jefferson County, Alabama.

## Facts Common to All Counts

5.      On or about, January 18, 2021, Ms. Harrell was caused to fall while lawfully inside the Walmart Neighborhood Market located at 213 Palisades Blvd., Birmingham, Alabama 35209.

6.      Ms. Harrell had just entered through one of the front entrances of the store when she stepped on a piece of broken tile that had become dislodged from the tile floor.

7.      Ms. Harrell entered the store to purchase items and was therefore a business invitee and/or licensee on Walmart's premises at the time she became injured.

8.     A photo of the piece of tile Ms. Harrell slipped on is attached as Exhibit A. Ms. Harrell took this photo herself shortly after the fall on January 18, 2021, at 6:28 p.m.

9.     The piece of dislodged tile was the same color and texture as the tile Ms. Harrell was walking on and therefore was entirely and effectively camouflaged.

10.     Ms. Harrell's foot immediately slipped out from under her when she stepped on the dislodged piece of tile, causing her to fall.

11.     The piece of tile had become dislodged from an area of the floor that was in disrepair and should have been refurbished or replaced by Walmart well before Ms. Harrell fell and became injured.

12.     A photo of the area from which Ms. Harrell believes the dislodged piece of tile originated is attached as Exhibit B. Ms. Harrell's daughter arrived at the scene of the fall and took this photo shortly on January 18, 2021, at 6:50 p.m.

13.     Ms. Harrell immediately suffered severe injuries and had to be transported to the hospital via ambulance.

14.     There was at least one Walmart employee that witnessed Ms. Harrell slip on the dislodged tile.

15.     Walmart created an internal incident report related to Ms. Harrell's fall.

16.     Ms. Harrell's fall was captured by Walmart's video surveillance cameras.

17.     Walmart preserved the surveillance footage of Ms. Harrell's slip and fall on the dislodged tile.

## Claims for Relief
### Negligence and Wantonness

18.     Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

19.     Walmart had the duty and authority to use reasonable care to supervise an efficient and hazard-free business establishment for visitors like Ms. Harrell, and Walmart negligently or wantonly exercised said duty and supervisory control. Said negligence or wanton conduct was a proximate cause of Ms. Harrell's injuries and damages.

20.     Said premises was defective and contained hidden dangers about which Walmart knew or should have known.

21.     There were no posted warnings of the defective flooring in or around the area, and the area was not marked in any way to indicate the floor was defective. Because of these defective and dangerous conditions, Ms. Harrell did not see, could not have seen, or discovered the dangerous conditions that caused her to fall and become injured.

22.     Ms. Harrell further avers that at the aforesaid time and place, the area inside the Walmart was defective and/or unreasonably dangerous to persons walking

4

in said area. The area in question failed to meet required and acceptable standards. The defective and/or unreasonably dangerous condition was caused by the negligence, wantonness, carelessness or unskillfulness of some agent, officer or employee of Walmart.

23.     Walmart negligently or wantonly failed to inspect or have the premises inspected for the defective and dangerous condition.

24.     Walmart knew that a hazardous defect in the flooring in its entryway, such as a dislodged piece of tile, could result in serious injuries to patrons like Ms. Harrell, and Walmart acted in conscious disregard of Ms. Harrell's safety by failing to correct the defect.

25.     Walmart negligently or wantonly failed to correct or warn about the defective and dangerous condition.

26.     As a proximate result of the above-stated actions of Walmart, Ms. Harrell was injured and damaged as follows:

> (a)     She was caused to sustain, *inter alia*, a type III posterior tibial insufficiency with Achilles tendon contracture, which ultimately required extensive medical treatment and surgery to repair;
>
> (b)     She was caused and will be caused in the future to suffer extreme physical pain, emotional distress, and mental anguish;

(c) She was caused permanent injuries, impairment, and disfigurement;

(d) She was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug, and any other medical expenses in and about an effort to heal and cure her injuries; and,

(e) She was caused to lose earnings and earning capacity.

WHEREFORE, Ms. Harrell requests that the jury selected to hear this case render a verdict in her favor, and against the Defendant and that it award damages to her in an amount which will adequately compensate her for the injuries and damages sustained due to the Defendant's conduct. Also, on the basis of the foregoing, Ms. Harrell requests that a jury be selected to hear this case and render a verdict for her, and against the Defendant, and that it award exemplary damages to her in an amount which will adequately reflect the enormity of the Defendant's wrongs, and prevent others similarly situated from engaging in similar acts. Further, Ms. Harrell requests that the Court enter judgment consistent with the jury's verdict, and that it also award her interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

*s/Austin B. Whitten*
Austin B. Whitten, Esq. (WHI165)
Michael C. Bradley, Esq. (BRA094)

PITTMAN, DUTTON, HELLUMS,
BRADLEY & MANN P.C.
2001 Park Place North, Suite 1100
Birmingham, AL  35203
(205) 322-8880 Telephone
(205) 328-2711 Fax
E-mail: austinw@pittmandutton.com
            mikeb@pittmandutton.com
*Attorneys for Plaintiff*

Plaintiff's Address:

Diane Harrell
c/o PITTMAN, DUTTON, HELLUMS,
BRADLEY & MANN P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama   35203

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial of this cause.

s/Austin Whitten
Of Counsel

## PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

Walmart Inc.
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104